# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 03:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV13843

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: William Fahey

1 | Raymond E. Hane III (SBN 149960)
rhane@employment-counsel.com
2 | Nicholas A. Hane (SBN 319449)
nhane@employment-counsel.com
3 | CALIFORNIA EMPLOYMENT COUNSEL, APC
600 Anton Boulevard Suite 1100
4 | Costa Mesa, California 92626
Telephone:  714-462-8376
5 | Facsimile:  714-462-8388

6 | Attorneys for Plaintiff, NOEMI GOMEZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| NOEMI GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC., JENNIFER MARTINEZ, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 22STCV13843<br><br>(UNLIMITED JURISDICTION)<br><br>**COMPLAINT FOR DAMAGES**<br>1. Gender, Sex, Disability, and Medical Condition Harassment and Hostile Work Environment, Cal. Gov. Code § 12940(j)<br>2. Gender, Sex, Disability, and Medical Condition Discrimination, Cal. Gov. Code § 12940(a)<br>3. Failure to Prevent Discrimination and Harassment, in Violation of FEHA, Cal. Gov. Code § 12940(k)<br>4. Failure to Engage in a Good Faith Interactive Process, Cal. Gov. Code §12940(n)<br>5. Failure to Provide Reasonable Accommodation, Cal. Gov. Code § 12940(m)<br>6. Retaliation in Violation of FEHA, Cal. Gov. Code § 12940(h)<br>7. Retaliation, Cal. Lab. Code § 1102.5<br>8. Violation of Pregnancy Disability Leave Laws<br>9. Wrongful Discharge in Violation of Public Policy<br><br>**JURY TRIAL DEMAND** |

- 1 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   Plaintiff NOEMI GOMEZ alleges the following causes of action against defendants

2   BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC., JENNIFER

3   MARTINEZ, and DOES 1 through 20, inclusive, (collectively "DEFENDANTS"):

4   **PARTIES**

5   1.   Plaintiff NOEMI GOMEZ ("Plaintiff") is an individual and a taxpayer over eighteen

6   years of age who at all relevant times, resided in Hawthorne, California.  Plaintiff was employed

7   with defendant BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC., and

8   DOES 1 through 20, inclusive in the County of Los Angeles, California.  Plaintiff is informed and

9   believes that defendant BEAUTY SYSTEMS GROUP LLC ("defendant "BEAUTY SYSTEMS")

10  is a corporation, operating under the laws of the State of California, and is and was at all times

11  mentioned herein qualified to do business in California.

12  2.   Plaintiff is informed and believes that defendant SALLY BEAUTY HOLDINGS, INC.

13  ("defendant "SALLY BEAUTY") is a corporation, operating under the laws of the State of

14  California, and is and was at all times mentioned herein qualified to do business in California.

15  3.   Plaintiff is informed and believes that defendant JENNIFER MARTINEZ ("defendant

16  MARTINEZ") is an individual residing and employed in Los Angeles County, California.

17  4.   The true names and capacities of defendant named as Doe 1 through Doe 20, inclusive,

18  whether an individual, entity, or otherwise are presently unknown to Plaintiff.  Plaintiff will

19  amend this complaint, setting forth the true names and capacities of these fictitious defendants

20  when they are ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each

21  of the fictitious defendants have participated in the acts alleged in this Complaint to have been

22  done by the named defendant(s).

23  5.   Plaintiff is informed and believes that at all times Defendants BEAUTY SYSTEMS and

24  SALLY BEAUTY was an employer as defined in the California Fair Employment and Housing

25  Act ("FEHA"), Government Code section 12900, et seq., in that Defendants BEAUTY

26  SYSTEMS and SALLY BEAUTY employed the minimum or more than the minimum number of

27  employees in the State of California to be classified as an employer.  Plaintiff is further informed

28  and believes that DEFENDANTS and DOES 1 through 20 were agents, representatives, and

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 2 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  employees of each and every defendant at all relevant times and the acts committed were done

2  within the scope of employment or ratified by Defendants BEAUTY SYSTEMS and SALLY

3  BEAUTY, all other defendants, and DOES 1 through 20.

4      6.    Plaintiff is informed and believes that all actions by each defendant herein were ratified

5  or approved by the officers or managing agents of each defendant and each was approved by

6  Defendants BEAUTY SYSTEMS and SALLY BEAUTY and DOES 1 through 20.  Plaintiff

7  further is informed and believes and on that basis alleges that, at all relevant times, each

8  defendant, whether named or fictitious, was the agent or employee of each of the other defendant,

9  and in doing the things alleged to have been done in the Complaint, acted within the scope of

10  such agency or employment, or ratified the acts of the other.

11              <u>**ADMINISTRATIVE COMPLAINT AND ISSUANCE OF RIGHT TO SUE**</u>

12     7.    Plaintiff complained to the State of California, Department of Fair Employment and

13  Housing on or about April 25, 2022. The Department of Fair Employment and Housing

14  ("DFEH") issued a right to sue on behalf of Plaintiff against each and every named defendant on

15  the claims made herein around April 25, 2022.  Thereafter, Plaintiff presented each of the charges

16  and Right to Sue Notice letter to Defendants BEAUTY SYSTEMS and SALLY BEAUTY by

17  certified mail around April 26, 2022. Plaintiff has therefore filed suit within one year of the

18  issuance of the right to sue for these claims presented under the FEHA.

19                          <u>**JURISDICTION AND VENUE**</u>

20     8.    Venue is proper in this judicial district, pursuant to California Code of Civil Procedure

21  section 395(a) and California Government Code section 12965(b), and the amounts in

22  controversy exceed this Court's jurisdictional minimum.  Plaintiff was employed in Los Angeles

23  County, Defendants BEAUTY SYSTEMS and SALLY BEAUTY is an entity doing business in

24  the County of Los Angeles, defendant MARTINEZ is an individual employed and residing in the

25  County of Los Angeles, and all acts and omissions giving rise to liability are alleged to have

26  occurred in the County of Los Angeles.

27                      <u>**GENERAL FACTUAL ALLEGATIONS**</u>

28     9.    Plaintiff started with Defendants BEAUTY SYSTEMS and SALLY BEAUTY in

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 3 -

<u>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**</u>

1    January 2021 as an inside sales representative. Plaintiff consistently improved throughout her

2    tenure at BEAUTY SYSTEMS AND SALLY BEAUTY. Plaintiff was repeatedly asked to run

3    the store on her own when her initial manager left Defendants' employ.

4      10.  Plaintiff informed Defendants' managers about her pregnancy in May 2021. Plaintiff

5    did not present Defendants with any restrictions for her work while she was pregnant.

6      11.  Shortly after informing Defendants of her pregnancy, Plaintiff's hours were cut.

7    Plaintiff received unwarranted write-ups after informing Defendants that she was pregnant.

8      12.  Defendant Martinez told Plaintiff "I do not want you lifting heavy things because you

9    are pregnant." Plaintiff was denied her previous shifts and hours without reason.

10     13.  Plaintiff complained and was immediately given more backdated write-ups. In response

11   to her complaints and shortly before Plaintiff could have taken maternity leave, Plaintiff was

12   terminated on September 18, 2021.

13     14.  These acts on the part of her employer, DEFENDANTS and other employees were and

14   are in violation of the following provisions under FEHA:

15     1)  Disability, Pregnancy, Sex, and Gender Harassment and Hostile Work

16   Environment (Gov. Code § 12940(j));

17     2)  Disability, Pregnancy, Sex, and Gender Discrimination (Gov. Code § 12940(a));

18     3)  Failure to Engage in a Good Faith the Interactive Process (Gov. Code § 12940(n);

19     4)  Failure to Provide a Reasonable Accommodation (Gov. Code § 12940(m));

20     5)  Failure to Take All Reasonable Steps to Prevent Discrimination and Harassment

21   (Gov. Code § 12940(k));

22     6)  Retaliation in Violation of FEHA, Cal. Gov. Code § 12940(h).

23       **FIRST CAUSE OF ACTION**

24       Harassment and Hostile Work Environment

25       (Government Code Section 12940(j))

26       (Against All Defendants and Does 1 through 20)

27     15.  Plaintiff restates and incorporates by reference each and every allegation contained in

28   paragraphs 1 through 14 as though fully set forth herein.

16. Under the FEHA, it is an unlawful employment practice, "[f]or an employer, because of [the] . . . physical disability, mental disability, medical condition, . . . sex, [and] gender, . . . of any person . . . to harass an employee." Gov. Code § 12940(j). "Harassment of an employee . . . shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action." Id.

17. "An employee of an entity . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action. Gov. Code § 12940(j)(3).

18. An employer is strictly liable for a supervisor who harasses an employee. Gov. Code. section 12940(j)(1)

19. Plaintiff was harassed, reprimanded and retaliated against because she was pregnant and could have taken maternity leave. Defendant's treatment of Plaintiff, up to and including her termination, was patently unlawful.

20. In doing the acts alleged herein, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed to Plaintiff by the State of California. No member of the community should suffer these acts. As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

21. As a proximate result of DEFENDANTS' actions against Plaintiff, Plaintiff has suffered economic losses not yet determined, in an amount to be proven at trial.

22. As a proximate result of DEFENDANTS' conduct, Plaintiff has suffered and continues to suffer, humiliation, anxiety, severe emotional distress, worry, fear, and injury to her reputation, all to her special and general damage according to proof at the time of trial.

23. All actions of each defendant, its employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of each defendant.

24. Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related expenses incurred.

25. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

### SECOND CAUSE OF ACTION

Discrimination on the Basis of Disability, Medical Condition, Sex, and Gender

(Government Code Section 12940(a))

(Against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY and Does 1 through 20)

26. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

27. At all times relevant herein, the FEHA, Government Code sections 12900 et seq., was in full force and effect and binding upon Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20, which regularly employs more than five individuals and who are employees with Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20. At all times relevant herein, Plaintiff and the individual defendants were employees and Defendants BEAUTY SYSTEMS and SALLY BEAUTY and those Does 1 through 20 were employers.

28. Under the FEHA, it is an unlawful employment practice, "[f]or an employer, because of [the] . . . physical disability, mental disability, medical condition, . . . sex, [and] gender, . . . of any person . . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Gov. Code § 12940(a).

29. Plaintiff was harassed, reprimanded and retaliated against because she was pregnant and could have taken maternity leave. Defendant's treatment of Plaintiff, up to and including her termination, was patently unlawful.

30. As a proximate result of DEFENDANTS' actions against Plaintiff, Plaintiff has suffered

California
Employment
Counsel, APC

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   economic losses not yet determined, in an amount to be proven at trial.

2       31.   As a proximate result of DEFENDANTS' conduct, Plaintiff has suffered and continues

3   to suffer, humiliation, anxiety, severe emotional distress, worry, fear, and injury to her reputation,

4   all to her special and general damage according to proof at the time of trial.

5       32.   Plaintiff is informed and believes, and based thereon alleges, that the outrageous

6   conduct of managing agents or supervisory employees of DEFENDANTS, was done with fraud,

7   oppression and malice; with a conscious disregard for Plaintiff's rights; and with the intent, design

8   and purpose of injuring Plaintiff.  Plaintiff is further informed and believes that DEFENDANTS

9   through its officers, directors, or managing agents, authorized, condoned and ratified the unlawful

10  conduct of managing agents or supervisory employees of DEFENDANTS toward Plaintiff.  By

11  reason thereof, Plaintiff is entitled to punitive or exemplary damages from DEFENDANT/S in a

12  sum according to proof at trial.

13      33.   Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an

14  action for which they are specifically provided by statute.  Government Code section 12965

15  provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party,

16  within the discretion of the court.  Plaintiff has retained an attorney for the prosecution of this

17  action.  As a result, Plaintiff is entitled to reasonable attorneys' fees and cost herein incurred.

18      34.   Plaintiff also seeks prejudgment interest and costs of action as provided by law.

19                          **THIRD CAUSE OF ACTION**

20            Failure to Prevent Discrimination, and Harassment, and Retaliation

21                       (Government Code Section 12940(k))

22  (Against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY and Does 1 through 20)

23      35.   Plaintiff restates and incorporates by reference each and every allegation contained in

24  paragraphs 1 through 34 as though fully set forth herein.

25      36.   California Government Code section 12940(k) makes it an unlawful employment

26  practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination

27  and harassment from occurring."

28      37.   Plaintiff is informed and believes, and based thereon alleges, that in violation of

- 7 -

1  Government Code section 12940(k), each and every defendant, and its agents or employees failed

2  to take all reasonable steps necessary to prevent discrimination and harassment and failed to

3  remedy such discrimination and harassment.

4      38.   DEFENDANTS knew that Plaintiff was being harassed and they refused to fully remedy

5  the situation.  Not only did Defendants BEAUTY SYSTEMS and SALLY BEAUTY fail to

6  properly train its employees in preventing discrimination or how to properly handle

7  discrimination claims, but Defendants BEAUTY SYSTEMS and SALLY BEAUTY also

8  explicitly punished Plaintiff for exercising her right to maternity leave.

9      39.   In perpetrating the above-described misconduct, DEFENDANTS engaged in a pattern,

10  practice, policy and custom of unlawful discrimination against Plaintiff.  This misconduct on the

11  part of DEFENDANTS constituted a policy, practice, tradition, custom and usage, which denied

12  Plaintiff and the protections of Government Code section 12940.  As a result, DEFENDANTS

13  failed to prevent discrimination, harassment, and retaliation.

14      40.   As a result of DEFENDANTS' failure to take all reasonable steps, including the failure

15  to prevent or remedy discriminatorily driven conduct, failure to train, monitor, protect, enforce,

16  and oversee the mandates for anti-discrimination, Plaintiff has suffered general and special

17  damages in an amount exceeding the jurisdictional minimum of this Court.

18      41.   As further proximate result of DEFENDANTS actions against Plaintiff, Plaintiff has

19  suffered economic losses not yet determined, in an amount to be proven at trial.

20      42.   That the actions of DEFENDANTS and each defendant were malicious, done with

21  intent to harm Plaintiff, to prevent her from exercising her right to complain about discrimination

22  and harassment, and receive a reasonable and good faith investigation from her employers.

23      43.   Code of Civil Procedure § 1021 provides that attorneys' fees are recoverable in an action

24  for which they are specifically provided by statute.  Government Code § 12965 provides that

25  reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

26  discretion of the court.  Plaintiff has retained an attorney for the prosecution of this action.  As a

27  result, Plaintiff is entitled to reasonable attorneys' fees and cost herein incurred.

28      44.   Plaintiff also seeks prejudgment interest and costs of action as provided by law.

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 8 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## FOURTH CAUSE OF ACTION

Failure to Engage in a Good Faith Interactive Process to Determine Reasonable Accommodation

(Government Code Section 12940(n))

(Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

45.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46.   The California Government Code provides at section 12940, in pertinent part:

> "It shall be an unlawful employment practice . . . [¶] (n) For an employer . . . to fail to engage in timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations. . . in response to a request . . . by an employee . . . with a known physical or mental disability or known medical condition."

47.   Plaintiff informed her managers of her pregnancy as required by law – that is, in preparation for a potential period of maternity leave for the birth of her child and the required recovery.  Instead of allowing her to take her maternity leave and return to work, she was reprimanded, had her hours cut and was terminated before the birth. BEAUTY SYSTEMS AND SALLY BEAUTY undertook no effort and refused to accommodate Plaintiff's pregnancy.  These actions by BEAUTY SYSTEMS AND SALLY BEAUTY are in violation of an employer's duty to engage in a good faith interactive process and to provide a reasonable accommodation.

48.   DEFENDANTS terminated Plaintiff without engaging in a good faith interactive process as required by Government Code § 12940(n) and accommodating Plaintiff.

49.   As a direct and proximate result of the DEFENDANTS' acts of discrimination, and failure to reasonably accommodate, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits that Plaintiff would have received.  She has suffered and continues to suffer both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

50.   In doing the acts or failing to do the acts alleged herein above, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to his statutorily protected rights and in conscious disregard of

- 9 -

1   the rights, both statutory and common law guaranteed Plaintiff by the State of California.  As

2   such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to

3   punitive damages, in an amount to be proven at trial.

4       51.   All actions of DEFENDANTS, their employees, agents and managers, and each of them

5   as herein alleged, were known, ratified and approved by the officers or managing agents of

6   defendant, and each of them as herein alleged, were known, ratified and approved by the officers

7   or managing agents of DEFENDANTS, and each of them.

8       52.   Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an

9   action for which they are specifically provided by statute.  Government Code section 12965

10  provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party,

11  within the discretion of the court.  Plaintiff has retained an attorney for the prosecution of this

12  action.  As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related

13  expenses incurred.

14      53.   Plaintiff also seeks prejudgment interest and costs of action as provided by law.

15                         **FIFTH CAUSE OF ACTION**

16                    Failure to Provide Reasonable Accommodation

17                      (Government Code Section 12940(m))

18      (Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

19      54. Plaintiff restates and incorporates by reference each and every allegation contained in

20  paragraphs 1 through 53 as though fully set forth herein.

21      55. The California Government Code provides at section 12940, in pertinent part:

22          "It shall be an unlawful employment practice . . . [¶] (m) For an
            employer . . . to fail to make reasonable accommodation for the known
23          physical . . . disability of . . . an employee."

24      56. In addition, California Administrative Code, Title 2, section 7293.9, states, in part:

25          "[A]ny employer . . . has an affirmative duty to make reasonable
            accommodation for the disability of the any . . . employee . . . if the
            employer . . . knows of the disability . . . [and] is required to consider
26          any and all reasonable accommodations . . . ."

27      57. DEFENDANTS had knowledge of Plaintiff's medical condition, but refused to reasonably

28  accommodate her and instead terminated her.

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

                                    - 10 -

58. As a direct and proximate result of DEFENDANTS' acts of discrimination and failure to reasonably accommodate, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits that Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

59. In doing the acts or failing to do the acts alleged herein above, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

60. All actions of all defendants, their employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of DEFENDANTS, and each of them.

61. Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by a prevailing plaintiff, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related expenses incurred.

62. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## SIXTH CAUSE OF ACTION

Retaliation in Violation of the FEHA

(Government Code Section 12940(h))

(Against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY and Does 1 through 20)

63.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 62 as though fully set forth herein.

- 11 -

64.   Government Code section 12940(h) makes it an unlawful employment practice for "any employer or person" to retaliate against an employee because that employee has opposed a discriminatory practice, such as discrimination or harassment.

65.   Plaintiff was terminated because she was pregnant and entitled to maternity leave. BEAUTY SYSTEMS AND SALLY BEAUTY's treatment of Plaintiff, up to and including her termination, was patently unlawful.

66.   DEFENDANTS or its agents, employees, and supervisors treated Plaintiff poorly and punished her by cutting her hours, giving her unwarranted reprimands and making comments related to her pregnancy and maternity leave.

67.   As a direct and proximate result of the DEFENDANTS' acts of retaliation, Plaintiff has suffered and continues to suffer economic losses in an amount currently unknown.  She has suffered and continues to suffer both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

68.   In doing the acts or failing to do the acts alleged herein, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed to Plaintiff by the State of California.  Any member of the community should not suffer the result of these acts.  As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

69.   All actions of each defendant, their employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of each defendant.

70.   Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.  Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court.  Plaintiff has retained an attorney for the prosecution of this

1  action.  As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related

2  expenses incurred.

3     71.  Plaintiff also seeks prejudgment interest and costs of action as provided by law.

4  **SEVENTH CAUSE OF ACTION**

5  Retaliation in Violation of Labor Code Section 1102.5

6  (Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

7     72.  Plaintiff restates and incorporates by reference each and every allegation contained in

8  paragraphs 1 through 71 as though fully set forth herein.

9     73.  In doing the acts alleged herein, and as otherwise proven at trial, each defendant violated

10  Labor Code Section 1102.5, which provides, in part, that:

11      "An employer, or any person acting on behalf of the employer, shall
not retaliate against an employee for disclosing information, or because

12  the employer believes that the employee disclosed or may disclose
information . . . to a person with authority over the employee or another

13  employee who has the authority to investigate, discover, or correct the
violation or noncompliance . . . if the employee has reasonable cause to

14  believe that the information discloses a violation of state or federal
statute, or a violation of or noncompliance with a local, state, or federal

15  rule or regulation, regardless of whether disclosing the information is

16  part of the employee's job duties."

17     74.  Plaintiff was retaliated against for opposing unlawful discrimination.  Plaintiff disclosed

18  that she was pregnant and needed to take a medical leave causing DEFENDANTS to then harass

19  and terminate Plaintiff.

20     75.  As a direct result of DEFENDANTS' conduct, Plaintiff has suffered economic and non-

21  economic damages all in an amount to be proven at trial and in excess of the jurisdictional

22  minimum of this court.

23     76.  Pursuant to Labor Code section 1102.5, in addition to other available penalties, an

24  employer that is a corporation is liable for a civil penalty not exceeding ten thousand dollars

25  ($10,000) for each violation of Labor Code section 1102.5.

26     77.  Plaintiff seeks all fees and costs available to her under the Labor Code, Code of Civil

27  Procedure section 1021.5, and all other statutes affording her relief.

28     78.  Plaintiff also seeks prejudgment interest and costs of action as provided by law.

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 13 -

1                                    **EIGHTH CAUSE OF ACTION**

2                         Violation of California Pregnancy Disability Leave Laws

3          (Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

4        79.   Plaintiff restates and incorporates by reference each and every allegation contained in

5    paragraphs 1 through 78 as though fully set forth herein.

6        80.   The California Pregnancy Disability Leave Law ("PDLL") is contained in the FEHA

7    and prohibits an employer from interfering with, restraining, or denying the exercise of, or the

8    attempt to exercise, any rights under the PDLL. This includes discharging, discriminating, or

9    retaliating against an employee because of pregnancy (or perceived pregnancy, breastfeeding or

10   related medical conditions). (Gov. Code § 12940(h); 2 Cal. Code Regs. § 11039(a).)

11       81.   When Defendants became aware that Plaintiff was pregnant, they attempted to interfere

12   with her maternity leave rights. Plaintiff did everything she could to please her employer and

13   keep her job despite being entitled to maternity-related leave. When Plaintiff attempted to

14   continue working during her pregnancy, Defendants callously harassed her. Ultimately, Plaintiff

15   was retaliated against for trying to exercise her rights under the PDLL. This treatment led to her

16   termination, which is a clear violation of the law.

17      82.   These actions by DEFENDANTS demonstrate that the substantial motivation behind

18   Plaintiff's termination was the fact that she got pregnant and was entitled to a maternity leave as

19   is her right under the PDLL.

20      83.   These actions by DEFENDANTS were in retaliation for Plaintiff attempting to exercise

21   her right to take a maternity leave.

22      84.   As set forth in Paragraphs 9 through 15, Plaintiff faced adverse employment actions for

23   informing her employer of her pregnancy and potentially taking a maternity leave.

24      85.   As a direct and proximate result of the DEFENDANTS' acts of retaliation, Plaintiff has

25   suffered and continues to suffer substantial economic losses and interest thereon, in earnings and

26   other employment benefits that Plaintiff would have received. She has suffered and continues to

27   suffer both physical and non-physical injuries, including emotional distress, humiliation,

28   embarrassment and mental anguish all to her damage in an amount according to proof.

86. In doing the acts or failing to do the acts alleged herein, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. Any member of the community should not suffer the result of these acts. As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

87. All actions of DEFENDANTS, their employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of DEFENDANTS, and each of them.

88. Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related expenses incurred.

89. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

### NINTH CAUSE OF ACTION

Wrongful Discharge in Violation of Public Policy

(Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY. and Does 1 through 20)

90. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 89 as though fully set forth herein.

91. Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contact, can be demoted, terminated, or constructively terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer.

- 15 -

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

92.   Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge. Plaintiff alleges that DEFENDANTS violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, and as described above, when DEFENDANTS discriminated against Plaintiff and terminated Plaintiff's employment all in violation of Government Code sections 12940 (a), (h), (j), and (k) by allowing DEFENDANTS' employees and supervisors to discriminate against and harass Plaintiff before ultimately terminating her.  The company's failure to protect its employees caused a new mother to lose her steady position and then denied her the ability to make a living simply because she decided to have a baby.

93.   As a direct, foreseeable, and proximate result of the actions of DEFENDANTS, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from DEFENDANTS; as well as financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

94.   Due to the grossly reckless and intentional, malicious, and bad faith manner in which DEFENDANTS conducted itself as described in this cause of action by willfully violating those statutes numerated above, Plaintiff prays for punitive damages against Defendants BEAUTY SYSTEMS and SALLY BEAUTY in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants BEAUTY SYSTEMS and SALLY BEAUTY, and to deter them from engaging in such conduct again, and to make an example of them to others.

95.   Plaintiff also prays for reasonable costs and attorney fees against Defendants BEAUTY SYSTEMS and SALLY BEAUTY as allowed by the FEHA Gov. Code § 12965, for Plaintiff's prosecution of this action in reference to the time Plaintiff's attorneys spend pursuing this cause of action.

96.   Plaintiff also prays for reasonable costs and attorney fees against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY as allowed by the FEHA Government Code section 12965, and any other applicable provisions of law for Plaintiff's prosecution of this action

1    in reference to the time Plaintiff's attorneys spend pursuing this cause of action.

2    Wherefore, Plaintiff prays for judgment as follows:

3        1.  General damages, according to proof;

4        2.  Special damages according to proof;

5        3.  Punitive damages;

6        4.  Attorneys' fees, expenses and costs of action pursuant to Government Code § 12965(b),

7    Code of Civil Procedure § 1021.5, and other applicable provisions of law;

8        5.  Pre-judgment and post-judgment interest as allowed by law; and

9        6.  Such other relief as the Court deems necessary, just and proper.

10

11   DATED: April 26, 2022                          **CALIFORNIA EMPLOYMENT**

12                                                  **COUNSEL, APC**

13                                   By:

14                                                  RAYMOND E. HANE III
                                                    NICHOLAS W. HANE
15                                                  Attorneys for Plaintiff, NOEMI GOMEZ

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 17 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2      Plaintiff demands a jury trial on all claims and causes of action.

3

4   DATED:  April 26, 2022                    **CALIFORNIA EMPLOYMENT**
                                              **COUNSEL, APC**
5

6                                    By:  _____
7                                         RAYMOND E. HANE III
                                          NICHOLAS W. HANE
8                                         Attorneys for Plaintiff, NOEMI GOMEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

California
Employment
Counsel, APC

- 18 -