1   IAN G. ROBERTSON, Bar No. 283151
    irobertson@littler.com
2   KATHARINE MCCALL, Bar No.306335
    kmccall@littler.com
3   LITTLER MENDELSON, P.C.
    18565 Jamboree Road
4   Suite 800
    Irvine, California  92612
5   Telephone:  949.705.3000
    Fax No.:    949.724.1201
6
    Attorneys for Defendants
7   BEAUTY SYSTEMS GROUP, LLC AND
    SALLY BEAUTY HOLDINGS, INC.
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  NOEMI GOMEZ,                          Case No. 2:22-cv-03685

13           Plaintiff,                   **CERTIFICATE OF SERVICE OF
                                          NOTICE TO STATE COURT AND
14      v.                                ADVERSE PARTIES OF
                                          REMOVAL TO FEDERAL
15  BEAUTY SYSTEMS GROUP LLC,             COURT**
    SALLY BEAUTY HOLDINGS, INC.,
16  JENNIFER MARTINEZ, and DOES 1
    through 20, inclusive,
17
             Defendants.
18

19

20

21

22

23

24

25

26

27

28

1    I, Cecilia Mendoza, certify and declare as follows:

2    I am over the age of 18 years and not a party to this action.

3    My business address is Littler Mendelson, P.C., 18565 Jamboree Road, Suite

4    800, Irvine, California 92612, which is located in the city, county and state where the

5    mailing described below took place.

6    On May 31, 2022, I served and filed the Notice to State Court and Adverse Parties

7    of Removal to Federal Court, a true and correct copy of which is attached as **Exhibit A**

8    to this Certificate along with the Proof of Service, by placing true copies of the same

9    for collection and mailing following the firm's ordinary business practice in a sealed

10   envelope with postage thereon fully prepaid for deposit in the United States mail at

11   Irvine, California.

12   I declare under penalty of perjury that the foregoing is true and correct.

13   Executed on May 31, 2022, at Irvine, California.

14

15

16   _____
     Cecilia Mendoza

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/31/2022 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk

Case 2:22-cv-03685-MAA   Document 6   Filed 05/31/22   Page 4 of 94   Page ID #:103

1    IAN G. ROBERTSON, Bar No. 283151
     irobertson@littler.com
2    KATHARINE MCCALL, Bar No. 306335
     kmccall@littler.com
3    LITTLER MENDELSON, P.C.
     18565 Jamboree Road
4    Suite 800
     Irvine, California  92612
5    Telephone:     949.705.3000
     Fax No.:     949.724.1201
6

7    Attorneys for Defendants
     BEAUTY SYSTEMS GROUP LLC and SALLY
     BEAUTY HOLDINGS, INC.
8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF LOS ANGELES

11

| | |
|---|---|
| 12   NOEMI GOMEZ, | Case No.  22STCV13843 |
| 13          Plaintiff, | **NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO** |
| 14      v. | **FEDERAL COURT** |
| 15   BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC., JENNIFER | ASSIGNED FOR ALL PURPOSES TO JUDGE HON. WILLIAM FAHEY, DEPT. |
| 16   MARTINEZ, and DOES 1 through 2, inclusive, | 69 |
| 17        Defendants. | Trial Date: Not Set Complaint Filed:   April 26, 2022 |

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4872-8528-1056.1 / 116245-1000

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF NOEMI GOMEZ,**

2    **AND HER ATTORNEYS OF RECORD:**

3             PLEASE TAKE NOTICE that Defendants BEAUTY SYSTEMS GROUP LLC and SALLY

4    BEAUTY HOLDINGS, INC. filed a Notice of Removal of Civil Action to Federal Court pursuant to

5    28 U.S.C. Sections 1332, 1441, 1446, and 1453 ("Notice of Removal") in the United States District

6    Court for the Central District of California on May 31, 2022.  A copy of said Notice of Removal is

7    attached to this Notice as Exhibit "1," and is served and filed herewith.

8             PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in federal court,

9    together with the filing of a copy of said notice with this Court, effects the removal of this action in

10   accordance with 28 U.S.C. section 1446(d).

11

12   Dated: May 31, 2022

13                                                          LITTLER MENDELSON, P.C.

14

15

16                                                          _____
                                                            Ian G. Robertson
17                                                          Katharine McCall

18                                                          Attorneys for Defendants
                                                            BEAUTY SYSTEMS GROUP LLC and SALLY
19                                                          BEAUTY HOLDINGS, INC.

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4872-8528-1056.1 / 116245-1000

2

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

# EXHIBIT 1

1  IAN G. ROBERTSON, Bar No. 283151
   irobertson@littler.com
2  KATHARINE MCCALL, Bar No. 306335
   kmccall@littler.com
3  LITTLER MENDELSON, P.C.
   18565 Jamboree Road
4  Suite 800
   Irvine, California  92612
5  Telephone:  949.705.3000
   Fax No.:    949.724.1201
6
   Attorneys for Defendants
7  BEAUTY SYSTEMS GROUP, LLC AND
   SALLY BEAUTY HOLDINGS, INC.
8
9                  UNITED STATES DISTRICT COURT
10                CENTRAL DISTRICT OF CALIFORNIA
11
12  NOEMI GOMEZ,                          Case No.

13              Plaintiff,               **NOTICE TO FEDERAL COURT
                                         OF REMOVAL OF CIVIL
14       v.                              ACTION FROM STATE COURT
                                         PURSUANT TO 28 U.S.C.
15  BEAUTY SYSTEMS GROUP LLC,            SECTIONS 1332(A)(1), 1441, AND
    SALLY BEAUTY HOLDINGS, INC.,         1446**
16  JENNIFER MARTINEZ, and DOES 1
    through 20, inclusive,
17
                Defendants.
18
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF NOEMI GOMEZ, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants BEAUTY SYSTEMS GROUP LLC and SALLY BEAUTY HOLDINGS, INC. (collectively "Defendants") hereby remove the above-entitled action, Case No.22STCV13843, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

Defendants make the following allegations in support of their Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391, and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. This lawsuit arises out of the Complaint of Plaintiff NOEMI GOMEZ ("Plaintiff") related to her alleged employment with Defendants. On April 26, 2022, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, styled *Noemi Gomez v. Beauty Systems Group LLC; Sally Beauty Holdings, Inc.; Jennifer Martinez; and DOES 1 through 20, inclusive,* bearing Case No. 22STCV13843. On April 29, 2022, Plaintiff served on Defendants SALLY

BEAUTY HOLDINGS, INC. (herein "SBH") and BEAUTY SYSTEMS GROUP LLC (herein "BSG") a copy of the Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, First Amended General Order, Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, and Alternative Dispute Resolution Information Package. The Complaint asserts the following nine causes of action: (1) Gender, Sex, Disability, and Medical Condition Harassment and Hostile Work Environment, Cal. Gov. Code § 12940(j); (2) Gender, Sex, Disability, and Medical Condition Discrimination, Cal. Gov. Code § 12940(a); (3) Failure to Prevent Discrimination and Harassment, in Violation of FEHA, Cal. Gov. Code § 12940(k); (4) Failure to Engage in a Good Faith Interactive Process, Cal. Gov. Code §12940(n); (5) Failure to Provide Reasonable Accommodation, Cal. Gov. Code § 12940(m); (6) Retaliation in Violation of FEHA, Cal. Gov. Code § 12940(h); (7) Retaliation, Cal. Lab. Code § 1102.5; (8) Violation of Pregnancy Disability Leave Laws; and (9) Wrongful Discharge in Violation of Public Policy. Attached hereto as **Exhibit "A"** is a true and correct copy of the Complaint. On May 26, 2022, Defendants SBH and BSG filed an Answer to Plaintiff's Complaint.

4. Attached hereto are the following documents served on Defendants SBH and BSG: **Exhibit "B"** is a true and correct copy of the Summons; **Exhibit "C"** is a true and correct copy of the Civil Case Cover Sheet; **Exhibit "D"** is a true and correct copy of the Civil Case Cover Sheet Addendum and Statement of Location; **Exhibit "E"** is a true and correct copy of the Notice of Case Assignment; **Exhibit "F"** is a true and correct copy of the First Amended General Order; **Exhibit "G"** is a true and correct copy of the Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation; **Exhibit "H"** is a true and correct copy of the Alternative Dispute Resolution Information Package; and attached hereto as **Exhibit "I"** is a true and correct copy of the Answer of Defendants SBH and BSG.

5. Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings, and orders served upon Defendants SBH or BSG or filed or received in this action by Defendants SBH or BSG.

## TIMELINESS OF REMOVAL

6. On April 29, 2022, Defendants SBH and BSG were served with notice of process.

7. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendants SBH and BSG was effectively served with the Summons and Complaint and within one year after commencement of this action, taking court rules regarding deadlines landing on weekends and holidays into account.

## DIVERSITY JURISDICTION PURSUANT TO SECTION 1332

8. Section 1332(a) provides, in relevant part, as follows:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States[.]

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendants SBH and BSG pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

10. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she is and was at all times relevant to this lawsuit a resident of the City of Hawthorne, California, which is located within the

County of Los Angeles in the State of California, and she is therefore a citizen of the State of California. (Exhibit "A," Complaint, ¶ 1.) *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons,* No. 105-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile).

11. For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. Section 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted.)

12. For purposes of determining diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

<u>Corporate Defendants</u>

13. Defendant SBH was, at the time of filing this action, and still is, a corporation incorporated under the laws of the State of Delaware. (Declaration of Kenneth Mark Newton in support of Defendants' Notice of Removal of Civil Action to Federal Court ("Newton Decl."), ¶ 3.) Defendant SBH's principal place of business is in the State of Texas. (*Id.* at ¶ 5.) Defendant SBH is therefore not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than that of Plaintiff.

14.     Defendant BSG was, at the time of filing this action, and still is, a Virginia limited liability company with its principal place of business in Denton, Texas. (Newton Decl., ¶¶ 4-5.)  Its sole member is Sally Holdings LLC, a Delaware limited liability company with its principal place of business in Denton, Texas.  (*Id*. at ¶ 6.) Sally Holdings LLC, in turn, is a single-member limited liability company and its sole member is Sally Investment Holdings LLC, a Delaware limited liability company with its principal place of business in Denton, Texas.  (*Id*.)  Sally Investment Holdings LLC, in turn, is a single-member limited liability company and its sole member is Defendant SBH, a Delaware corporation with its principal place of business in Denton, Texas. (*Id*.)  Because Defendant BSG is a single-member limited liability company with multiple limited liability company sub-members, and its ultimate member is a corporation that is a citizen of the State of Texas and the State of Delaware, Defendant BSG is therefore a citizen of the State of Texas and a citizen of the State of Delaware. Thus, it is not a citizen of the State in which this action is pending and it is a citizen of a different State than that of Plaintiff.

<u>Fraudulently Joined Individual Defendant</u>

15.     Defendant JENNIFER MARTINEZ ("Martinez") is not a proper defendant in this action and thus her citizenship must be disregarded under the doctrine of fraudulent joinder.  *Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd,* 710 F.2d 549 (9th Cir. 1983).  Plaintiff has failed to state a cognizable claim for relief against Martinez, whom she only named as a defendant to the first cause of action: Harassment and Hostile Work Environment.  As set forth herein, this claim cannot be maintained as against Martinez.

16.     In fraudulent joinder cases, the Court attempts to determine whether there exists "a reasonable basis for predicting that the state law might impose liability on the facts involved."  *Lewis, supra,* 83 F.R.D. at 463 (internal citation omitted).  Thus, if the plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled state law, then the joinder is deemed fraudulent.  *See*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

*Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987) (joinder of plaintiff's supervisor as defendant with respect to claim for IIED was fraudulent where plaintiff alleged that supervisor terminated him due to malice and ill will).

17.     Although claims for "harassment" can theoretically be maintained against individuals, the factual allegations that Plaintiff alleges in support of her first cause of action do not support a viable claim against Martinez.

18.     "The elements [of a prima facie claim of hostile-environment harassment] are: (1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome harassment; (3) the harassment complained of was based on [the protected category]; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) respondeat superior." *Fisher v. San Pedro Peninsula Hospital,* 214 Cal. App. 3d 590, 608 (1989) (footnote omitted).

19.     In determining what constitutes "sufficiently pervasive" harassment, courts have held that acts of harassment "cannot be occasional, isolated, sporadic or trivial; rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Fisher, supra,* 214 Cal. App. 3d at 609-610 (a plaintiff must show a concerted pattern of harassment of a repeat, routine, or a generalized nature); *Etter v. Veriflo Corp.,* 67 Cal. App. 4th 457, 466 (1998) (racial remarks made to a stock room worker every day for six weeks was not severe and pervasive conduct); *see also Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998) ("[a] recurring point in these opinions is that 'simple teasing,'...offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'"). Only for very severe cases will such an isolated incident amount to harassment. *See Herberg v. California Institute of the Arts,* 101 Cal.App.4th 142, 151 (2002) ("review of the cases they cite reveals that such a single incident must be severe in the extreme and generally must include either physical violence or the

threat thereof"); *Department of Corrections v. State Personnel Bd.,* 59 Cal.App.4th 131, 134 (1997) (noting incident of rape may be enough but not a single incident in which corrections officer used profane language and shook a female Hispanic fellow officer by the collar to emphasize his point). The Ninth Circuit has also held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Manatt v. Bank of America,* 339 F.3d 792, 798 (9th Cir. 2003) (citations omitted).

20. In Plaintiff's Complaint, **there are only two factual allegations specifically about Martinez and they include zero indicia of harassment or the creation of a hostile work environment:**

> 3. Plaintiff is informed and believes that defendant JENNIFER MARTINEZ ("defendant MARTINEZ") is an individual residing and employed in Los Angeles County, California.
>
> \*\*\*
>
> 12. Defendant Martinez told Plaintiff "I do not want you lifting heavy things because you are pregnant." Plaintiff was denied her previous shifts and hours without reason.

(Exhibit A, Complaint at ¶¶ 3, 12 (emphasis added).)

21. Plaintiff's Complaint therefore includes no facts upon which she might be able to pursue a hostile work environment harassment claim against Martinez. Rather, at most, Plaintiff has described a non-actionable personnel management decision about which job duties Plaintiff would be asked to perform. *See, e.g., Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 64-65 (1996) ("personnel management" actions cannot give rise to a harassment claim). "Personnel management" decisions include "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like . . ." *Id.* These are the

actions of the sort "necessary to carry out the duties of business and personnel management." *Id.* at 65. The alleged harassment by Martinez is nothing more than a personnel management decision about her job duties – allegedly related to the routine handling of an employee's need for an accommodation – which cannot subject Martinez to personal liability and does not support a claim for unlawful harassment. *Id.* at 64-65.

22. As the sole cause of action alleged against Martinez cannot be maintained against her, the citizenship of Martinez must be ignored for the purpose of determining diversity. *See Lewis, supra,* 83 F.R.D. at 460.

Doe Defendants

23. The Complaint names as defendants "DOES 1 through 50." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Thus, there exists complete diversity in this case.

24. As more fully set forth below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## **THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

25. To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations and brackets omitted).

26. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer, supra,* 116 F.3d at 377;

see also *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."). Defendants' burden is not high – they simply must show, by preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

27.    Here, it can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. Initially, Plaintiff seeks general and special damages, which would include compensatory damages in the form of loss of earnings and benefits. (Exhibit A, Complaint, p. 17, Prayer, ¶¶ 1-2.) Plaintiff worked from February 5, 2021 until September 18, 2021. (Exhibit A, Complaint, ¶¶ 9, 13; Newton Decl., ¶ 7.) Plaintiff's final rate of pay was $15.00 per hour (*Id.*), which equals an annual income of approximately $30,000.00 based upon a 40 hour per week work schedule with two weeks off (i.e., 2,000 hours per year). Defendants anticipate a trial date in this matter in approximately mid-to-late 2023. Although Defendants deny that Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded back wages for approximately two years (from her last date of employment to the likely date of trial), the amount of back pay in controversy in this case based on her hourly rate would total approximately $60,000.00.

28.    In addition, Plaintiff's prayer for general and special damages may include front pay as a result of the alleged wrongs by Defendants. (Exhibit A, Complaint, p. 17, Prayer, ¶¶ 1-2.) Such awards in California can span several years. *See Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even estimating that Plaintiff seeks front pay damages for two years, the amount of future wages in controversy in this case would total at least an additional $60,000.00, approximately. Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages which alone total approximately $120,000.00.

29.     Plaintiff also seeks recovery of non-economic damages and "severe" emotional distress, including but not limited to damages for "humiliation, anxiety, severe emotional distress, worry, fear, and injury to her reputation."  (Exhibit A, Complaint, ¶ 22; and p. 17, Prayer, ¶ 1-2.)  An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

30.     Plaintiff also seeks punitive damages.  (Exhibit A, Complaint, p. 17, Prayer, ¶ 3.)   The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *See Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady, supra*, 243 F. Supp. 2d at 1009.  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  Additionally, employment discrimination cases have the potential for large punitive damages awards.  *Simmons, supra*, 209 F. Supp. 2d at 1033.  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  For example, in *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "alone might" exceed the jurisdictional minimum.  *Id.* at 334.  Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail

on her punitive damages claim, that amount alone could exceed the jurisdictional minimum.

31.     Plaintiff also seeks such open-ended relief as "such other relief as the Court deems necessary, just and proper." (Exhibit A, Complaint, p. 17, Prayer, ¶ 6.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though she pleaded in the complaint that she did not assert a claim in excess of $75,000.)

32.     Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

33.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendants to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

*// // //*

**NOTICE TO STATE COURT AND PLAINTIFF**

34.　Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Raymond E. Hane III and Nicholas A. Hane of California Employment Counsel APC, Plaintiff's counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Dated:　　　May 31, 2022

LITTLER MENDELSON, P.C.

_____
Ian G. Robertson
Katharine McCall

Attorneys for Defendants
BEAUTY SYSTEMS GROUP, LLC and
SALLY BEAUTY HOLDINGS, INC.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

**PROOF OF SERVICE BY MAIL**

I am employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 31, 2022, I had EXPRESS NETWORK deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446**

in a sealed envelope, postage fully paid, addressed as follows:

Raymon E. Hane III, Esq.
Nicholas A. Hane, Esq.
CALIFORNIA EMPLOYMENT COUNSEL, APC
600 Anton Blvd., Suite 1100
Costa Mesa, CA 92626
Phone:        714.462.8376
Email:        rhane@employment-counsel.com
              nhane@employment-counsel.com

*Attorneys for Plaintiff*
*Noemi Gomez*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 31, 2022, at Irvine, California.

_____
                    Cecilia Mendoza

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 03:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV13843

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: William Fahey

1   Raymond E. Hane III (SBN 149960)
    rhane@employment-counsel.com
2   Nicholas A. Hane (SBN 319449)
    nhane@employment-counsel.com
3   CALIFORNIA EMPLOYMENT COUNSEL, APC
    600 Anton Boulevard Suite 1100
4   Costa Mesa, California 92626
    Telephone: 714-462-8376
5   Facsimile: 714-462-8388

6   Attorneys for Plaintiff, NOEMI GOMEZ

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10  NOEMI GOMEZ,                          ) Case No.: 22STCV13843
                                          )
11          Plaintiff,                     ) (UNLIMITED JURISDICTION)
                                          )
12      v.                                 ) COMPLAINT FOR DAMAGES
                                          )  1.  Gender, Sex, Disability, and Medical
13  BEAUTY SYSTEMS GROUP LLC, SALLY        )      Condition Harassment and Hostile Work
    BEAUTY HOLDINGS, INC., JENNIFER        )      Environment, Cal. Gov. Code § 12940(j)
14  MARTINEZ, and DOES 1 through 20,       )  2.  Gender, Sex, Disability, and Medical
    inclusive,                             )      Condition Discrimination, Cal. Gov. Code
15                                         )      § 12940(a)
                                          )  3.  Failure to Prevent Discrimination and
16          Defendants.                    )      Harassment, in Violation of FEHA, Cal.
                                          )      Gov. Code § 12940(k)
17                                         )  4.  Failure to Engage in a Good Faith
                                          )      Interactive Process, Cal. Gov. Code
18                                         )      §12940(n)
                                          )  5.  Failure to Provide Reasonable
19                                         )      Accommodation, Cal. Gov. Code
                                          )      § 12940(m)
20                                         )  6.  Retaliation in Violation of FEHA, Cal.
                                          )      Gov. Code § 12940(h)
21                                         )  7.  Retaliation, Cal. Lab. Code § 1102.5
                                          )  8.  Violation of Pregnancy Disability Leave
22                                         )      Laws
                                          )  9.  Wrongful Discharge in Violation of Public
23                                         )      Policy
                                          )
24                                         )
                                          )
25                                         )  JURY TRIAL DEMAND
                                          )
26                                         )
                                          )
27                                         )
                                          )
28

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff NOEMI GOMEZ alleges the following causes of action against defendants BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC., JENNIFER MARTINEZ, and DOES 1 through 20, inclusive, (collectively "DEFENDANTS"):

**PARTIES**

1.     Plaintiff NOEMI GOMEZ ("Plaintiff") is an individual and a taxpayer over eighteen years of age who at all relevant times, resided in Hawthorne, California. Plaintiff was employed with defendant BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC., and DOES 1 through 20, inclusive in the County of Los Angeles, California. Plaintiff is informed and believes that defendant BEAUTY SYSTEMS GROUP LLC ("defendant "BEAUTY SYSTEMS") is a corporation, operating under the laws of the State of California, and is and was at all times mentioned herein qualified to do business in California.

2.     Plaintiff is informed and believes that defendant SALLY BEAUTY HOLDINGS, INC. ("defendant "SALLY BEAUTY") is a corporation, operating under the laws of the State of California, and is and was at all times mentioned herein qualified to do business in California.

3.     Plaintiff is informed and believes that defendant JENNIFER MARTINEZ ("defendant MARTINEZ") is an individual residing and employed in Los Angeles County, California.

4.     The true names and capacities of defendant named as Doe 1 through Doe 20, inclusive, whether an individual, entity, or otherwise are presently unknown to Plaintiff. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious defendants have participated in the acts alleged in this Complaint to have been done by the named defendant(s).

5.     Plaintiff is informed and believes that at all times Defendants BEAUTY SYSTEMS and SALLY BEAUTY was an employer as defined in the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900, et seq., in that Defendants BEAUTY SYSTEMS and SALLY BEAUTY employed the minimum or more than the minimum number of employees in the State of California to be classified as an employer. Plaintiff is further informed and believes that DEFENDANTS and DOES 1 through 20 were agents, representatives, and

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 2 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  employees of each and every defendant at all relevant times and the acts committed were done

2  within the scope of employment or ratified by Defendants BEAUTY SYSTEMS and SALLY

3  BEAUTY, all other defendants, and DOES 1 through 20.

4      6.    Plaintiff is informed and believes that all actions by each defendant herein were ratified

5  or approved by the officers or managing agents of each defendant and each was approved by

6  Defendants BEAUTY SYSTEMS and SALLY BEAUTY and DOES 1 through 20.  Plaintiff

7  further is informed and believes and on that basis alleges that, at all relevant times, each

8  defendant, whether named or fictitious, was the agent or employee of each of the other defendant,

9  and in doing the things alleged to have been done in the Complaint, acted within the scope of

10  such agency or employment, or ratified the acts of the other.

11  <u>**ADMINISTRATIVE COMPLAINT AND ISSUANCE OF RIGHT TO SUE**</u>

12      7.    Plaintiff complained to the State of California, Department of Fair Employment and

13  Housing on or about April 25, 2022. The Department of Fair Employment and Housing

14  ("DFEH") issued a right to sue on behalf of Plaintiff against each and every named defendant on

15  the claims made herein around April 25, 2022.  Thereafter, Plaintiff presented each of the charges

16  and Right to Sue Notice letter to Defendants BEAUTY SYSTEMS and SALLY BEAUTY by

17  certified mail around April 26, 2022. Plaintiff has therefore filed suit within one year of the

18  issuance of the right to sue for these claims presented under the FEHA.

19  <u>**JURISDICTION AND VENUE**</u>

20      8.    Venue is proper in this judicial district, pursuant to California Code of Civil Procedure

21  section 395(a) and California Government Code section 12965(b), and the amounts in

22  controversy exceed this Court's jurisdictional minimum.  Plaintiff was employed in Los Angeles

23  County, Defendants BEAUTY SYSTEMS and SALLY BEAUTY is an entity doing business in

24  the County of Los Angeles, defendant MARTINEZ is an individual employed and residing in the

25  County of Los Angeles, and all acts and omissions giving rise to liability are alleged to have

26  occurred in the County of Los Angeles.

27  <u>**GENERAL FACTUAL ALLEGATIONS**</u>

28      9.    Plaintiff started with Defendants BEAUTY SYSTEMS and SALLY BEAUTY in

1   January 2021 as an inside sales representative. Plaintiff consistently improved throughout her

2   tenure at BEAUTY SYSTEMS AND SALLY BEAUTY. Plaintiff was repeatedly asked to run

3   the store on her own when her initial manager left Defendants' employ.

4       10.   Plaintiff informed Defendants' managers about her pregnancy in May 2021. Plaintiff

5   did not present Defendants with any restrictions for her work while she was pregnant.

6       11.   Shortly after informing Defendants of her pregnancy, Plaintiff's hours were cut.

7   Plaintiff received unwarranted write-ups after informing Defendants that she was pregnant.

8       12.   Defendant Martinez told Plaintiff "I do not want you lifting heavy things because you

9   are pregnant." Plaintiff was denied her previous shifts and hours without reason.

10      13.   Plaintiff complained and was immediately given more backdated write-ups. In response

11  to her complaints and shortly before Plaintiff could have taken maternity leave, Plaintiff was

12  terminated on September 18, 2021.

13      14.   These acts on the part of her employer, DEFENDANTS and other employees were and

14  are in violation of the following provisions under FEHA:

15          1)   Disability, Pregnancy, Sex, and Gender Harassment and Hostile Work

16  Environment (Gov. Code § 12940(j));

17          2)   Disability, Pregnancy, Sex, and Gender Discrimination (Gov. Code § 12940(a));

18          3)   Failure to Engage in a Good Faith the Interactive Process (Gov. Code § 12940(n);

19          4)   Failure to Provide a Reasonable Accommodation (Gov. Code § 12940(m);

20          5)   Failure to Take All Reasonable Steps to Prevent Discrimination and Harassment

21  (Gov. Code § 12940(k));

22          6)   Retaliation in Violation of FEHA, Cal. Gov. Code § 12940(h).

23                          **FIRST CAUSE OF ACTION**

24                       Harassment and Hostile Work Environment

25                         (Government Code Section 12940(j))

26                       (Against All Defendants and Does 1 through 20)

27      15.   Plaintiff restates and incorporates by reference each and every allegation contained in

28  paragraphs 1 through 14 as though fully set forth herein.

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 4 -

16. Under the FEHA, it is an unlawful employment practice, "[f]or an employer, because of [the] ... physical disability, mental disability, medical condition, ... sex, [and] gender, ... of any person ... to harass an employee." Gov. Code § 12940(j). "Harassment of an employee ... shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action." Id.

17. "An employee of an entity ... is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action. Gov. Code § 12940(j)(3).

18. An employer is strictly liable for a supervisor who harasses an employee. Gov. Code. section 12940(j)(1)

19. Plaintiff was harassed, reprimanded and retaliated against because she was pregnant and could have taken maternity leave. Defendant's treatment of Plaintiff, up to and including her termination, was patently unlawful.

20. In doing the acts alleged herein, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed to Plaintiff by the State of California. No member of the community should suffer these acts. As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

21. As a proximate result of DEFENDANTS' actions against Plaintiff, Plaintiff has suffered economic losses not yet determined, in an amount to be proven at trial.

22. As a proximate result of DEFENDANTS' conduct, Plaintiff has suffered and continues to suffer, humiliation, anxiety, severe emotional distress, worry, fear, and injury to her reputation, all to her special and general damage according to proof at the time of trial.

23. All actions of each defendant, its employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of each defendant.

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 5 -

24. Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related expenses incurred.

25. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## SECOND CAUSE OF ACTION

Discrimination on the Basis of Disability, Medical Condition, Sex, and Gender

(Government Code Section 12940(a))

(Against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY and Does 1 through 20)

26. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

27. At all times relevant herein, the FEHA, Government Code sections 12900 et seq., was in full force and effect and binding upon Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20, which regularly employs more than five individuals and who are employees with Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20. At all times relevant herein, Plaintiff and the individual defendants were employees and Defendants BEAUTY SYSTEMS and SALLY BEAUTY and those Does 1 through 20 were employers.

28. Under the FEHA, it is an unlawful employment practice, "[f]or an employer, because of [the] . . . physical disability, mental disability, medical condition, . . . sex, [and] gender, . . . of any person . . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Gov. Code § 12940(a).

29. Plaintiff was harassed, reprimanded and retaliated against because she was pregnant and could have taken maternity leave. Defendant's treatment of Plaintiff, up to and including her termination, was patently unlawful.

30. As a proximate result of DEFENDANTS' actions against Plaintiff, Plaintiff has suffered

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  economic losses not yet determined, in an amount to be proven at trial.

2      31.   As a proximate result of DEFENDANTS' conduct, Plaintiff has suffered and continues

3  to suffer, humiliation, anxiety, severe emotional distress, worry, fear, and injury to her reputation,

4  all to her special and general damage according to proof at the time of trial.

5      32.   Plaintiff is informed and believes, and based thereon alleges, that the outrageous

6  conduct of managing agents or supervisory employees of DEFENDANTS, was done with fraud,

7  oppression and malice; with a conscious disregard for Plaintiff's rights; and with the intent, design

8  and purpose of injuring Plaintiff. Plaintiff is further informed and believes that DEFENDANTS

9  through its officers, directors, or managing agents, authorized, condoned and ratified the unlawful

10 conduct of managing agents or supervisory employees of DEFENDANTS toward Plaintiff. By

11 reason thereof, Plaintiff is entitled to punitive or exemplary damages from DEFENDANT/S in a

12 sum according to proof at trial.

13     33.   Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an

14 action for which they are specifically provided by statute. Government Code section 12965

15 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party,

16 within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this

17 action. As a result, Plaintiff is entitled to reasonable attorneys' fees and cost herein incurred.

18     34.   Plaintiff also seeks prejudgment interest and costs of action as provided by law.

19 **THIRD CAUSE OF ACTION**

20 Failure to Prevent Discrimination, and Harassment, and Retaliation

21 (Government Code Section 12940(k))

22 (Against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY and Does 1 through 20)

23     35.   Plaintiff restates and incorporates by reference each and every allegation contained in

24 paragraphs 1 through 34 as though fully set forth herein.

25     36.   California Government Code section 12940(k) makes it an unlawful employment

26 practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination

27 and harassment from occurring."

28     37.   Plaintiff is informed and believes, and based thereon alleges, that in violation of

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

1  Government Code section 12940(k), each and every defendant, and its agents or employees failed

2  to take all reasonable steps necessary to prevent discrimination and harassment and failed to

3  remedy such discrimination and harassment.

4      38.   DEFENDANTS knew that Plaintiff was being harassed and they refused to fully remedy

5  the situation. Not only did Defendants BEAUTY SYSTEMS and SALLY BEAUTY fail to

6  properly train its employees in preventing discrimination or how to properly handle

7  discrimination claims, but Defendants BEAUTY SYSTEMS and SALLY BEAUTY also

8  explicitly punished Plaintiff for exercising her right to maternity leave.

9      39.   In perpetrating the above-described misconduct, DEFENDANTS engaged in a pattern,

10  practice, policy and custom of unlawful discrimination against Plaintiff. This misconduct on the

11  part of DEFENDANTS constituted a policy, practice, tradition, custom and usage, which denied

12  Plaintiff and the protections of Government Code section 12940. As a result, DEFENDANTS

13  failed to prevent discrimination, harassment, and retaliation.

14      40.   As a result of DEFENDANTS' failure to take all reasonable steps, including the failure

15  to prevent or remedy discriminatorily driven conduct, failure to train, monitor, protect, enforce,

16  and oversee the mandates for anti-discrimination, Plaintiff has suffered general and special

17  damages in an amount exceeding the jurisdictional minimum of this Court.

18      41.   As further proximate result of DEFENDANTS actions against Plaintiff, Plaintiff has

19  suffered economic losses not yet determined, in an amount to be proven at trial.

20      42.   That the actions of DEFENDANTS and each defendant were malicious, done with

21  intent to harm Plaintiff, to prevent her from exercising her right to complain about discrimination

22  and harassment, and receive a reasonable and good faith investigation from her employers.

23      43.   Code of Civil Procedure § 1021 provides that attorneys' fees are recoverable in an action

24  for which they are specifically provided by statute. Government Code § 12965 provides that

25  reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

26  discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a

27  result, Plaintiff is entitled to reasonable attorneys' fees and cost herein incurred.

28      44.   Plaintiff also seeks prejudgment interest and costs of action as provided by law.

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

-8-

## FOURTH CAUSE OF ACTION

Failure to Engage in a Good Faith Interactive Process to Determine Reasonable Accommodation

(Government Code Section 12940(n))

(Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

45. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46. The California Government Code provides at section 12940, in pertinent part:

> "It shall be an unlawful employment practice . . . [¶] (n) For an employer . . . to fail to engage in timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations. . . in response to a request . . . by an employee . . . with a known physical or mental disability or known medical condition."

47. Plaintiff informed her managers of her pregnancy as required by law – that is, in preparation for a potential period of maternity leave for the birth of her child and the required recovery. Instead of allowing her to take her maternity leave and return to work, she was reprimanded, had her hours cut and was terminated before the birth. BEAUTY SYSTEMS AND SALLY BEAUTY undertook no effort and refused to accommodate Plaintiff's pregnancy. These actions by BEAUTY SYSTEMS AND SALLY BEAUTY are in violation of an employer's duty to engage in a good faith interactive process and to provide a reasonable accommodation.

48. DEFENDANTS terminated Plaintiff without engaging in a good faith interactive process as required by Government Code § 12940(n) and accommodating Plaintiff.

49. As a direct and proximate result of the DEFENDANTS' acts of discrimination, and failure to reasonably accommodate, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits that Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

50. In doing the acts or failing to do the acts alleged herein above, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to his statutorily protected rights and in conscious disregard of

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

1    the rights, both statutory and common law guaranteed Plaintiff by the State of California. As

2    such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to

3    punitive damages, in an amount to be proven at trial.

4       51. All actions of DEFENDANTS, their employees, agents and managers, and each of them

5    as herein alleged, were known, ratified and approved by the officers or managing agents of

6    defendant, and each of them as herein alleged, were known, ratified and approved by the officers

7    or managing agents of DEFENDANTS, and each of them.

8       52. Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an

9    action for which they are specifically provided by statute. Government Code section 12965

10    provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party,

11    within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this

12    action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related

13    expenses incurred.

14       53. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

15    **FIFTH CAUSE OF ACTION**

16    Failure to Provide Reasonable Accommodation

17    (Government Code Section 12940(m))

18    (Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

19    54. Plaintiff restates and incorporates by reference each and every allegation contained in

20    paragraphs 1 through 53 as though fully set forth herein.

21    55. The California Government Code provides at section 12940, in pertinent part:

22       "It shall be an unlawful employment practice . . . [¶] (m) For an
23    employer . . . to fail to make reasonable accommodation for the known
     physical . . . disability of . . . an employee."

24    56. In addition, California Administrative Code, Title 2, section 7293.9, states, in part:

25       "[A]ny employer . . . has an affirmative duty to make reasonable
     accommodation for the disability of the any . . . employee . . . if the
26    employer . . . knows of the disability . . . [and] is required to consider
     any and all reasonable accommodations . . . ."

27    57. DEFENDANTS had knowledge of Plaintiff's medical condition, but refused to reasonably

28    accommodate her and instead terminated her.

58. As a direct and proximate result of DEFENDANTS' acts of discrimination and failure to reasonably accommodate, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits that Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

59. In doing the acts or failing to do the acts alleged herein above, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

60. All actions of all defendants, their employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of DEFENDANTS, and each of them.

61. Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by a prevailing plaintiff, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related expenses incurred.

62. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## SIXTH CAUSE OF ACTION

Retaliation in Violation of the FEHA

(Government Code Section 12940(h))

(Against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY and Does 1 through 20)

63. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 62 as though fully set forth herein.

- 11 -

64.     Government Code section 12940(h) makes it an unlawful employment practice for "any employer or person" to retaliate against an employee because that employee has opposed a discriminatory practice, such as discrimination or harassment.

65.     Plaintiff was terminated because she was pregnant and entitled to maternity leave. BEAUTY SYSTEMS AND SALLY BEAUTY's treatment of Plaintiff, up to and including her termination, was patently unlawful.

66.     DEFENDANTS or its agents, employees, and supervisors treated Plaintiff poorly and punished her by cutting her hours, giving her unwarranted reprimands and making comments related to her pregnancy and maternity leave.

67.     As a direct and proximate result of the DEFENDANTS' acts of retaliation, Plaintiff has suffered and continues to suffer economic losses in an amount currently unknown. She has suffered and continues to suffer both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

68.     In doing the acts or failing to do the acts alleged herein, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed to Plaintiff by the State of California. Any member of the community should not suffer the result of these acts. As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

69.     All actions of each defendant, their employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of each defendant.

70.     Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this

1  action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related

2  expenses incurred.

3    71.  Plaintiff also seeks prejudgment interest and costs of action as provided by law.

4              **SEVENTH CAUSE OF ACTION**

5        Retaliation in Violation of Labor Code Section 1102.5

6    (Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

7    72.  Plaintiff restates and incorporates by reference each and every allegation contained in

8  paragraphs 1 through 71 as though fully set forth herein.

9    73.  In doing the acts alleged herein, and as otherwise proven at trial, each defendant violated

10  Labor Code Section 1102.5, which provides, in part, that:

11          "An employer, or any person acting on behalf of the employer, shall
            not retaliate against an employee for disclosing information, or because
12          the employer believes that the employee disclosed or may disclose
            information . . . to a person with authority over the employee or another
13          employee who has the authority to investigate, discover, or correct the
            violation or noncompliance . . . if the employee has reasonable cause to
14          believe that the information discloses a violation of state or federal
            statute, or a violation of or noncompliance with a local, state, or federal
15          rule or regulation, regardless of whether disclosing the information is
16          part of the employee's job duties."

17    74.  Plaintiff was retaliated against for opposing unlawful discrimination. Plaintiff disclosed

18  that she was pregnant and needed to take a medical leave causing DEFENDANTS to then harass

19  and terminate Plaintiff.

20    75.  As a direct result of DEFENDANTS' conduct, Plaintiff has suffered economic and non-

21  economic damages all in an amount to be proven at trial and in excess of the jurisdictional

22  minimum of this court.

23    76.  Pursuant to Labor Code section 1102.5, in addition to other available penalties, an

24  employer that is a corporation is liable for a civil penalty not exceeding ten thousand dollars

25  ($10,000) for each violation of Labor Code section 1102.5.

26    77.  Plaintiff seeks all fees and costs available to her under the Labor Code, Code of Civil

27  Procedure section 1021.5, and all other statutes affording her relief.

28    78.  Plaintiff also seeks prejudgment interest and costs of action as provided by law.

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 13 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## EIGHTH CAUSE OF ACTION

Violation of California Pregnancy Disability Leave Laws

(Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY and Does 1 through 20)

79.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 78 as though fully set forth herein.

80.    The California Pregnancy Disability Leave Law ("PDLL") is contained in the FEHA and prohibits an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any rights under the PDLL. This includes discharging, discriminating, or retaliating against an employee because of pregnancy (or perceived pregnancy, breastfeeding or related medical conditions). (Gov. Code § 12940(h); 2 Cal. Code Regs. § 11039(a).)

81.    When Defendants became aware that Plaintiff was pregnant, they attempted to interfere with her maternity leave rights. Plaintiff did everything she could to please her employer and keep her job despite being entitled to maternity-related leave. When Plaintiff attempted to continue working during her pregnancy, Defendants callously harassed her. Ultimately, Plaintiff was retaliated against for trying to exercise her rights under the PDLL. This treatment led to her termination, which is a clear violation of the law.

82.    These actions by DEFENDANTS demonstrate that the substantial motivation behind Plaintiff's termination was the fact that she got pregnant and was entitled to a maternity leave as is her right under the PDLL.

83.    These actions by DEFENDANTS were in retaliation for Plaintiff attempting to exercise her right to take a maternity leave.

84.    As set forth in Paragraphs 9 through 15, Plaintiff faced adverse employment actions for informing her employer of her pregnancy and potentially taking a maternity leave.

85.    As a direct and proximate result of the DEFENDANTS' acts of retaliation, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits that Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

86.   In doing the acts or failing to do the acts alleged herein, each and every defendant engaged in discriminatory acts and conduct intentionally, oppressively, with malice towards Plaintiff, or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. Any member of the community should not suffer the result of these acts. As such, DEFENDANTS are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

87.   All actions of DEFENDANTS, their employees, agents and managers, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of DEFENDANTS, and each of them.

88.   Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code section 12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees, costs, and related expenses incurred.

89.   Plaintiff also seeks prejudgment interest and costs of action as provided by law.

### NINTH CAUSE OF ACTION

#### Wrongful Discharge in Violation of Public Policy

(Against Defendants BEAUTY SYSTEMS and SALLY BEAUTY. and Does 1 through 20)

90.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 89 as though fully set forth herein.

91.   Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contact, can be demoted, terminated, or constructively terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer.

- 15 -

92. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge. Plaintiff alleges that DEFENDANTS violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, and as described above, when DEFENDANTS discriminated against Plaintiff and terminated Plaintiff's employment all in violation of Government Code sections 12940 (a), (h), (j), and (k) by allowing DEFENDANTS' employees and supervisors to discriminate against and harass Plaintiff before ultimately terminating her. The company's failure to protect its employees caused a new mother to lose her steady position and then denied her the ability to make a living simply because she decided to have a baby.

93. As a direct, foreseeable, and proximate result of the actions of DEFENDANTS, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from DEFENDANTS; as well as financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

94. Due to the grossly reckless and intentional, malicious, and bad faith manner in which DEFENDANTS conducted itself as described in this cause of action by willfully violating those statutes numerated above, Plaintiff prays for punitive damages against Defendants BEAUTY SYSTEMS and SALLY BEAUTY in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants BEAUTY SYSTEMS and SALLY BEAUTY, and to deter them from engaging in such conduct again, and to make an example of them to others.

95. Plaintiff also prays for reasonable costs and attorney fees against Defendants BEAUTY SYSTEMS and SALLY BEAUTY as allowed by the FEHA Gov. Code § 12965, for Plaintiff's prosecution of this action in reference to the time Plaintiff's attorneys spend pursuing this cause of action.

96. Plaintiff also prays for reasonable costs and attorney fees against DEFENDANTS BEAUTY SYSTEMS AND SALLY BEAUTY as allowed by the FEHA Government Code section 12965, and any other applicable provisions of law for Plaintiff's prosecution of this action

- 16 -

1   in reference to the time Plaintiff's attorneys spend pursuing this cause of action.

2   Wherefore, Plaintiff prays for judgment as follows:

3       1.  General damages, according to proof;

4       2.  Special damages according to proof;

5       3.  Punitive damages;

6       4.  Attorneys' fees, expenses and costs of action pursuant to Government Code § 12965(b),

7   Code of Civil Procedure § 1021.5, and other applicable provisions of law;

8       5.  Pre-judgment and post-judgment interest as allowed by law; and

9       6.  Such other relief as the Court deems necessary, just and proper.

10

11  DATED: April 26, 2022                    **CALIFORNIA EMPLOYMENT**

12                                            **COUNSEL, APC**

13                             By:

14                                            RAYMOND E. HANE III
                                              NICHOLAS W. HANE
15                                            Attorneys for Plaintiff, NOEMI GOMEZ

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 17 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  ## DEMAND FOR JURY TRIAL

2      Plaintiff demands a jury trial on all claims and causes of action.

3

4  DATED: April 26, 2022                    **CALIFORNIA EMPLOYMENT**

5                                        **COUNSEL, APC**

6              By:

7                              RAYMOND E. HANE III

8                              NICHOLAS W. HANE
                              Attorneys for Plaintiff, NOEMI GOMEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA
EMPLOYMENT
COUNSEL, APC

- 18 -

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 03:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV13843

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC.,<br>JENNIFER MARTINEZ, and DOES 1 through 20, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>NOEMI GOMEZ | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>**22STCV13843** |
|---|---|

Superior Court of California, Los Angeles- Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond E. Hane, Esq. & Nicholas W. Hane, Esq. California Employment Counsel, APC
600 Anton Boulevard, Suite 1100, Costa Mesa, CA 92626- 714-462-8376

| DATE: 04/26/2022 | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court | |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | R. Clifton | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Sally Beauty Holdings, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 03:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV13643

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ⎯Raymond E. Hane (SBN 149960) \| Nicholas W. Hane (SBN 319449) . CALIFORNIA EMPLOYMENT COUNSEL, APC 600 Anton Boulevard, Suite 1100 Costa Mesa, California 92626 <br> TELEPHONE NO.: 714-462-8376    FAX NO.: 714-462-8388 <br> ATTORNEY FOR *(Name):* Plaintiff, Noemi Gomez | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: 111 N. Hill St |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| CASE NAME: |
|---|
| Noemi Gomez v. Beauty Systems Group LLC, et al. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22STCV13843 |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

| Items 1–6 below must be completed (see instructions on page 2). |
|---|

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 26, 2022

Raymond E. Hane, Esq.
_____
(TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT D

| SHORT TITLE: Noemi Gomez v. Beauty Systems Group LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: Noemi Gomez v. Beauty Systems Group LLC, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☒ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

Side labels: Non-Personal Injury/ Property Damage/ Wrongful Death Tort; Employment; Contract; Real Property; Unlawful Detainer

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Noemi Gomez v. Beauty Systems Group LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (non-domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Noemi Gomez v. Beauty Systems Group LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>14398 S Ocean Gate Ave | |
|---|---|---|
| CITY:<br>Hawthorne | STATE:<br>CA | ZIP CODE:<br>90250 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>April 26, 2022</u>

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

# EXHIBIT E

| | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|---|
| COURTHOUSE ADDRESS:<br>**Stanley Mosk Courthouse**<br>111 North Hill Street, Los Angeles, CA 90012 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/26/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV13843 | |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | William F. Fahey | 69 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record      **Sherri R. Carter, Executive Officer / Clerk of Court**

on __04/27/2022__
    (Date)

By _R. Clifton_____, Deputy Clerk

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT F

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

  a) Trial Court Records

  Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

  b) Represented Litigants

  Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

  c) Public Notice

  The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2     For purposes of this General Order, all electronic filings must be in compliance with California

3     Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4     Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019            KEVIN C. BRAZILE

11                                                   Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# EXHIBIT G

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re ) | ORDER PURSUANT TO CCP 1054(a), |
| Use of Voluntary Efficient Litigation ) | EXTENDING TIME TO RESPOND BY |
| Stipulations ) | 30 DAYS WHEN PARTIES AGREE |
| ) | TO EARLY ORGANIZATIONAL |
| ) | MEETING STIPULATION |
| ) | |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage
2   cooperation among the parties at an early stage in litigation in order to achieve
3   litigation efficiencies;

4   Whereas it is intended that use of the Early Organizational Meeting Stipulation
5   will promote economic case resolution and judicial efficiency;
6
7   Whereas, in order to promote a meaningful discussion of pleading issues at the
8   Early Organizational Meeting and potentially to reduce the need for motions to
9   challenge the pleadings, it is necessary to allow additional time to conduct the Early
10  Organizational Meeting before the time to respond to a complaint or cross complaint
11  has expired;
12
13  Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14  which an action is pending to extend for not more than 30 days the time to respond to
15  a pleading "upon good cause shown";
16
17  Now, therefore, this Court hereby finds that there is good cause to extend for 30
18  days the time to respond to a complaint or to a cross complaint in any action in which
19  the parties have entered into the Early Organizational Meeting Stipulation.  This finding
20  of good cause is based on the anticipated judicial efficiency and benefits of economic
21  case resolution that the Early Organizational Meeting Stipulation is intended to
22  promote.
23
24  IT IS HEREBY ORDERED that, in any case in which the parties have entered
25  into an Early Organizational Meeting Stipulation, the time for a defending party to
26  respond to a complaint or cross complaint shall be extended by the 30 days permitted
27
28

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

# EXHIBIT H



# Superior Court of California, County of Los Angeles

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:** FAX NO. (Optional): **E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name):** | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
         (INSERT DATE)               (INSERT DATE)

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____     ➤ _____
       (TYPE OR PRINT NAME)           (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤ _____
       (TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
       (TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
       (TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
       (TYPE OR PRINT NAME)       (ATTORNEY FOR _____)

Date: _____

_____     ➤ _____
       (TYPE OR PRINT NAME)       (ATTORNEY FOR _____)

Date: _____

_____     ➤ _____
       (TYPE OR PRINT NAME)       (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)     **STIPULATION – EARLY ORGANIZATIONAL MEETING**    Page 2 of 2
LASC Approved 04/11

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)<br>
LASC Approved 04/11    **STIPULATION – DISCOVERY RESOLUTION**<br>
For Optional Use                                  Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )



LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):
FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**  FAX NO. (Optional): **E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name):** | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

# EXHIBIT I

Electronically FILED by Superior Court of California, County of Los Angeles on 05/26/2022 03:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1    IAN G. ROBERTSON, Bar No. 283151
irobertson@littler.com
2    KATHARINE MCCALL, Bar No. 306335
kmccall@littler.com
3    LITTLER MENDELSON, P.C.
18565 Jamboree Road
4    Suite 800
Irvine, California 92612
5    Telephone:    949.705.3000
Fax No.:    949.724.1201
6

7    Attorneys for Defendants
BEAUTY SYSTEMS GROUP LLC and
SALLY BEAUTY HOLDINGS, INC.
8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF LOS ANGELES

11

| 12 | NOEMI GOMEZ, | Case No. 22STCV13843 |
|---|---|---|
| 13 | Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| 14 | v. | |
| 15 | BEAUTY SYSTEMS GROUP LLC, SALLY BEAUTY HOLDINGS, INC., JENNIFER | ASSIGNED FOR ALL PURPOSES TO THE HON. WILLIAM FAHEY, DEPT. 69 |
| 16 | MARTINEZ, and DOES 1 through 2, inclusive, | |
| 17 | Defendants. | Trial Date: Not Set<br>Complaint Filed: April 26, 2022 |

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1     Defendants BEAUTY SYSTEMS GROUP LLC and SALLY BEAUTY HOLDINGS, INC.

2  ("Defendants") hereby answer the unverified Complaint ("Complaint") of Plaintiff NOEMI GOMEZ

3  ("Plaintiff"), as follows:

4                          **GENERAL DENIAL**

5     Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendants deny

6  each and every allegation contained in the Complaint and deny that Plaintiff was injured or damaged

7  as alleged, or at all.

8                     **AFFIRMATIVE DEFENSES**

9     Defendants further assert the following affirmative defenses.  By asserting these defenses,

10  Defendants do not concede that they have the burden of proof as to any affirmative defenses asserted

11  below.  Defendants do not presently know all the facts concerning the conduct of Plaintiff sufficient

12  to state all affirmative defenses at this time.  Defendants will seek leave to amend this Answer should

13  they later discover facts demonstrating the existence of additional affirmative defenses.

14                 **FIRST AFFIRMATIVE DEFENSE**

15                **(Failure to State a Cause of Action)**

16     1.     As a separate and distinct affirmative defense, Defendants allege that the Complaint

17  and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action

18  against Defendants.

19               **SECOND AFFIRMATIVE DEFENSE**

20                  **(Statutes of Limitation)**

21     2.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims

22  are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to

23  California Government Code sections 12960(d) and 12965(b), and California Code of Civil Procedure

24  sections 335.1, 337, and 339.

25                **THIRD AFFIRMATIVE DEFENSE**

26                 **(Waiver of Rights)**

27     3.     As a separate and distinct affirmative defense,  Defendants allege that any recovery of

28  Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff, by reason of her acts,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

2

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

conduct, and/or omissions, has waived or released her rights, if any, to obtain the relief sought in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.      As a separate and distinct affirmative defense, Defendants allege that any recovery on Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff, by reason of her acts, conduct, and/or omissions, is estopped from obtaining the relief sought in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6.      As a separate and distinct affirmative defense, Defendants allege that a reasonable opportunity for investigation and discovery will reveal that any damages that would otherwise be recoverable by Plaintiff (while denying that any such damages exist) should be limited by virtue of the doctrine of avoidable consequences as set forth in *State Department of Health Services v. Superior Court*, 31 Cal. 4th 1026, 1043 (2003), because: (a) Defendants exercised reasonable care to prevent and correct promptly any unlawful behavior including, but not limited to, having in place appropriate policies and procedures; and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to "otherwise avoid harm" as that expression is used in *Burlington Northern Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); and (c) Plaintiff's reasonable use of Defendants' policies and procedures would have prevented at least some, if not all, of the purported harm of which Plaintiff now complains.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

7.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Res Judicata/Collateral Estoppel)

8.      As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred, in whole or in part by the doctrine of res judicata and/or collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

9.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred in whole or in part to the extent that Plaintiff failed to exhaust her administrative remedies, and that such failure bars this Complaint in whole or in part. Defendants allege that to the extent the claim is governed by the California Department of Fair Employment and Housing as set out in California Government Code section 12960, Plaintiff failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC").

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Internal Remedies)

10.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Claims Exceed Scope of Administrative Charges)

11.      As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants are informed and believe that further investigation and discovery will

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

4

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

reveal, that the Complaint and each cause of action set forth therein, or some of them, are barred in whole or in part because, assuming *arguendo* that Plaintiff did attempt to exhaust any applicable administrative remedies, the causes of action asserted in the Complaint exceed the scope of any Charges filed.

## TWELFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

12. As a separate and distinct affirmative defense, Defendants allege that to the extent that during the course of this litigation they acquire any evidence of additional wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment and/or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims as provided by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

13. As a separate and distinct affirmative defense, Defendants allege that Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Same Decision)

14. As a separate and affirmative defense, Defendants allege that, without admitting that any unlawful or wrongful acts took place, if any unlawful motive existed in connection with any employment decision involving Plaintiff, which Defendants deny, Plaintiff's causes of action are barred because such employment decision would have been the same even without any such unlawful or retaliatory motive.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Outside of Scope of Authority)

15. As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that some or all of the causes of action in the Complaint cannot be maintained against Defendants because if employees of Defendants took the actions alleged, such

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

5

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

actions were committed outside the course and scope of such employees' employment, were not authorized, adopted, or ratified by Defendants, and Defendants did not know of nor should they have known of such conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

16.     As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint cannot be maintained because Defendants allege that their conduct (and the conduct of Defendants' officers, managers, or employees while acting in the course and scope of employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest Impermissible)

17.     As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint fails to properly state a claim on which prejudgment interest may be awarded because the amount of any damages is not reasonably certain.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

18.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred to the extent that she failed to mitigate her damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason and in Good Faith)

19.     As a separate and distinct affirmative defense, Defendants allege that they acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known at the time and that all actions taken with regard to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Severe or Pervasive)

20.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, to the extent the conduct alleged in the Complaint occurred (which Defendants deny), it was not sufficiently severe or pervasive to constitute actionable harassment based on age, disability status, perceived disability status, or any other protected basis, or to alter the terms and conditions of Plaintiff's employment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Workplace Obligations)

21.     As a separate and affirmative defense, Defendants allege that they have satisfied their obligations to ensure a workplace free of discrimination and retaliation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reasonable Accommodation)

22.     As a separate and distinct affirmative defense, Defendants allege that assuming, *arguendo*, Plaintiff was disabled, Plaintiff did not fully participate in and/or exhaust her obligation to request a reasonable accommodation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Hardship)

23.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred because any alleged accommodations that Plaintiff purportedly sought or now claims should have been offered were above and beyond what Defendants were reasonably able to provide and would have caused Defendants an undue hardship and burden.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Corrective Action)

24.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred because, at all relevant times, Defendants took prompt and appropriate corrective action in response to Plaintiff's workplace concerns, thereby satisfying all legal obligations they had to Plaintiff, if any.

4892-0895-9264.2 / 116245-1000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Justified Treatment)

25.     As a separate and distinct affirmative defense, Defendants allege that, assuming, *arguendo*, Plaintiff was treated differently from other employees (which Defendants deny), such treatment was fully justified on differences in individual duties, skill, effort, responsibility, difference in working conditions and/or difference in other reasonable factors other than her alleged disability.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Alternative Stressors)

26.     As a separate and affirmative defense, Defendants allege that if Plaintiff suffered any emotional distress, her emotional distress was caused by factors other than Plaintiff's employment, the actions of Defendants, or anyone acting on Defendants' behalf.  Defendants further allege that Plaintiff contributed to her own distress and, by reason of her contribution, any remedy to which she might otherwise be entitled must be denied or reduced accordingly.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs Unwarranted)

27.     As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff has failed to state facts sufficient to entitle her to costs of suit incurred herein and/or an award of attorneys' fees.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

28.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence and that the alleged injuries and damages, if any in fact were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct and any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory and/or comparative negligence.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4892-0895-9264.2 / 116245-1000

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy)

29.     As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action alleged therein, seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code § 132a and 3600, *et seq*., in that: (1) the injuries complained of allegedly occurred when both Plaintiff and Defendants were subject to California Labor Code §§ 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to her employment and was acting within the course and scope of her employment; (3) Plaintiff alleges that the injuries were caused by her employment; (4) Plaintiff's employment was covered by workers' compensation; and (5) Defendants paid the entire costs for that coverage.  Accordingly, the Court lacks subject matter jurisdiction over said claims.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Offset)

30.     As a separate and distinct affirmative defense, Defendants allege that further investigation and discovery will reveal that Defendants are entitled to an offset against any relief due Plaintiff, based upon her wrongful conduct and/or monies owed to Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith Effort)

31.     As a separate and distinct affirmative defense, Defendants allege that their good faith efforts to prevent discrimination, retaliation, and any other unlawful acts bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. Am. Dental Assn.*, 527 U.S. 526 (1999).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to State Facts to Support Punitive Damages)

32.     As a separate and affirmative defense, Defendants allege that they did not act with malice, oppression, or fraud, nor did they engage in any despicable acts that would warrant the imposition of punitive damages.  Thus, Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages.

4892-0895-9264.2 / 116245-1000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

33.     As a separate and affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendants to rights to be given to Defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendants' rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Emotional Distress Damages Unconstitutional)

34.     As separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege that Plaintiff is not entitled to recover emotional distress damages because California's system of emotional distress damages is unconstitutional under *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Frivolous Lawsuit)

35.     As a separate and affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's causes of action are unreasonable, and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and her attorneys.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

10

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Not Defendants' Employee)

36.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action alleged therein are barred because Plaintiff was not employed by one or more of Defendants at times relevant to this lawsuit.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Arbitration)

37.     Defendants allege that the Complaint and each cause of action alleged therein are barred because the Court lacks jurisdiction over this matter in whole or in part.  The Complaint and each cause of action set forth therein are subject to binding arbitration.  Defendants reserve the right to file a timely motion to compel arbitration if the parties are unable to come to an agreement on this issue.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Repudiation of Sole Forum)

38.     Defendants allege that Plaintiff's Complaint and each purported cause of action therein cannot be maintained because Plaintiff has knowingly refused to pursue and has thus repudiated her arbitration remedies by filing the instant action.  *See Charles J. Rounds Co. v. Joint Counsel of Teamsters No. 42* (1971) 4 Cal.3d 888, 899; *Martinez v. Scott Specialty Gases, Inc.* (2000) 83 Cal.App.4th 1236; *24 Hour Fitness v. Superior Court* (1988) 66 Cal.App.4th 1199.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

39.     As a separate and distinct affirmative defense, Defendants allege that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendants to ascertain what other defenses may exist.  Defendants will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend their Answer for purposes of asserting such additional defenses.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4892-0895-9264.2 / 116245-1000

11

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**PRAYER**

2

WHEREFORE, Defendants pray that:

3

1.     Plaintiff's Complaint be dismissed in its entirety with prejudice;

4

2.     Plaintiff takes nothing by her action against Defendants;

5

3.     Defendants be awarded their attorneys' fees and costs; and

6

4.     Defendants be awarded such other and further relief as the Court deems just and proper.

7

Dated: May 26, 2022

8

LITTLER MENDELSON, P.C.

9

10

11

Ian G. Robertson

12

Attorneys for Defendants
BEAUTY SYSTEMS GROUP LLC and SALLY
BEAUTY HOLDINGS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

12

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

# **PROOF OF SERVICE**

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612. On May 26, 2022, I served the within document(s):

     **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒    by having EXPRESS NETWORK place a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by causing a copy of the document(s) listed above to the person(s) at the address(es) set forth below to be personally delivered by EXPRESS NETWORK.

☐    **courtesy copy** by email.  The electronica address of the person making the service is cmendoza@littler.com.

☐    BY FTB BISCOM SITE. I caused the above-entitled document to be served by VIA BISCOM addressed to all parties appearing on the service list for this case.

☐    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is cmendoza@littler.com.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4892-0895-9264.2 / 116245-1000

13

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Raymon E. Hane III, Esq.
     Nicholas A. Hane, Esq.
2    CALIFORNIA EMPLOYMENT COUNSEL, APC
3    600 Anton Blvd., Suite 1100
     Costa Mesa, CA 92626
4    Phone:      714.462.8376

5    Email:      rhane@employment-counsel.com
6                nhane@employment-counsel.com

7    *Attorneys for Plaintiff*
     *Noemi Gomez*

8

9          I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

10 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited

11 in an overnight delivery service pick-up box or office on the same day with postage or fees thereon

12 fully prepaid in the ordinary course of business.

13          I declare under penalty of perjury under the laws of the State of California that the

14 above is true and correct. Executed on May 26, 2022, at Irvine, California.

15

16

17                              _____

18                                  Cecilia Mendoza

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4892-0895-9264.2 / 116245-1000

14

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**<u>PROOF OF SERVICE</u>**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612. On May 31, 2022, I served the within document(s):

**NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

☒   by having EXPRESS NETWORK place a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐   by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by causing a copy of the document(s) listed above to the person(s) at the address(es) set forth below to be personally delivered by EXPRESS NETWORK.

☐   **<u>courtesy copy</u>** by email. The electronica address of the person making the service is <u>cmendoza@littler.com</u>.

☐   BY FTB BISCOM SITE. I caused the above-entitled document to be served by VIA BISCOM addressed to all parties appearing on the service list for this case.

☐   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is <u>cmendoza@littler.com</u>.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4872-8528-1056.1 / 116245-1000

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

Raymon E. Hane III, Esq.
Nicholas A. Hane, Esq.
CALIFORNIA EMPLOYMENT COUNSEL, APC
600 Anton Blvd., Suite 1100
Costa Mesa, CA  92626
Phone:       714.462.8376

Email:       rhane@employment-counsel.com
             nhane@employment-counsel.com

*Attorneys for Plaintiff*
*Noemi Gomez*

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 31, 2022, at Irvine, California.

_____
                Cecilia Mendoza

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4872-8528-1056.1 / 116245-1000

4

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE BY MAIL**

I am employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 18565 Jamboree Road, Suite 800, Irvine, California  92612.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On May 31, 2022, I had EXPRESS NETWORK deposit with the United States Postal Service a true and correct copy of the within document(s):  **CERTIFICATE OF SERVICE OF NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** in a sealed envelope, postage fully paid, addressed as follows:

> Raymon E. Hane III, Esq.
> Nicholas A. Hane, Esq.
> CALIFORNIA EMPLOYMENT COUNSEL, APC
> 600 Anton Blvd., Suite 1100
> Costa Mesa, CA  92626
> Phone:            714.462.8376
>
> Email:       rhane@employment-counsel.com
>                   nhane@employment-counsel.com
>
> *Attorneys for Plaintiff*
> *Noemi Gomez*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 31, 2022, at Irvine, California.

_____
                          Cecilia Mendoza