JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-3685 PA (JPRx) | Date | June 21, 2022 |
|---|---|---|---|
| Title | Noemi Gomez v. Beauty Systems Group, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Beauty Systems Group LLC and Sally Beauty Holdings, Inc. ("Removing Defendants"). (Docket No. 1.) In its Notice of Removal, Removing Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Noemi Gomez ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3685 PA (JPRx) | Date | June 21, 2022 |
|---|---|---|---|
| Title | Noemi Gomez v. Beauty Systems Group, LLC, et al. | | |

citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

In its Notice of Removal, Removing Defendants assert that defendant Jennifer Martinez ("Martinez"), an individual, is a sham defendant whose citizenship should be disregarded. (Notice of Removal ¶¶ 10-22.) The complaint alleges that Martinez "is an individual residing and employed in Los Angeles County, California." (Notice of Removal, Ex. A ("Complaint") ¶ 3, Docket No. 1-1.) Removing Defendants do not contend that Martinez should be considered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3685 PA (JPRx) | Date | June 21, 2022 |
|---|---|---|---|
| Title | Noemi Gomez v. Beauty Systems Group, LLC, et al. | | |

a non-resident defendant.  (See generally Notice of Removal).  Rather, Removing Defendants argue that Martinez's citizenship should be disregarded because Plaintiff fraudulently joined Martinez in order to defeat diversity jurisdiction.  (Notice of Removal ¶¶ 15-22.)  Specifically, Removing Defendants argue that "[t]he sole cause of action alleged against Martinez cannot be maintained against her" because "there are only two factual allegations specifically about Martinez and they include zero indicia of harassment or the creation of a hostile work environment."  (Id. ¶¶ 20, 22.)  Removing Defendants contend that Plaintiff's allegations as to Martinez describe a non-actionable personnel management decision, which cannot subject Martinez to personal liability and does not support a claim for unlawful harassment.  (Id. ¶ 21.)

The Court finds that Removing Defendants have failed to establish that Martinez "cannot be liable on any theory."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  Removing Defendants concede that "claims for 'harassment' can theoretically be maintained against individuals."  (Notice of Removal ¶ 17.)  That the complaint includes only two allegations about Martinez's conduct is an insufficient ground to deem the resident defendant a sham one.  The Court cannot conclude, based on the documents filed in support of the Notice of Removal, that Plaintiff would not be granted leave to amend any deficient state claim against defendant Martinez.  See Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. CV 13-4689 AG (ANx), 2013 WL 12144106, at *2 (C.D. Cal. Aug. 19, 2013) ("The Complaint may indeed be deficient as accused, but leave to amend those deficiencies would be appropriate.  And, Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." (internal quotations omitted)).  Thus, Removing Defendants have failed to demonstrate that complete diversity exists.  If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand."  Mireles, 845 F. Supp. 2d at 1062 (brackets in original) (quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)).  The Court finds that Removing Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claim against Martinez.  The Court concludes that Removing Defendants have not adequately established the Court's subject matter jurisdiction over this action.

For the foregoing reasons, Removing Defendants have failed to meet their burden of demonstrating the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case number 22STCV13843.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.